UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11847-RGS

JOSEPH CHALIFOUX

v.

THE CITY OF LOWELL, OFFICER CHARLES PANEK,
and UNKNOWN LOWELL POLICE OFFICERS

MEMORANDUM AND ORDER ON DEFENDANT
CITY OF LOWELL'S MOTION TO DISMISS

March 8, 2011

STEARNS, D.J.

The motion of the City of Lowell to dismiss itself from the Complaint will be denied without prejudice. The court will instead order that the claims of excessive force brought against Officer Charles Panek and other Officers Unknown to the plaintiff be bifurcated from the claims of municipal liability brought against the City. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (*per curiam*) (verdict in favor of defendant officer on plaintiff's excessive force claim precluded liability on the part of his supervisors and employer); *Wilson v. Town of Mendon*, 294 F.3d 1, 7 (1st Cir. 2002) (bifurcation "tread[s] a familiar path"). The court offers the following by way of additional comment.

First, it is doubtful in this age of *Twombly-Iqbal* pleading that the Complaint as

presently drafted would survive unscathed a well-crafted motion to dismiss. A post-*Twombly* complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal citations and quotations omitted).

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (internal citations omitted).

Here, while the Complaint alleges plausible causes of action against Officer Panek and perhaps one or more of the unidentified officers, the claims against the City of Lowell are set out in a formulaic recitation of every theory of municipal and supervisory liability recognized by federal law. None of theories, however, is given any factual anchoring. For example, the failure by the City to properly train Officer Panek in the use of pepper spray is alleged in apparent obliviousness of the long-established rule that a single instance of employee incompetence will not support a

2

recovery for a failure to train.  *See City of Canton v. Harris*, 489 U.S. 378, 390-391 (1989) ("In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program.").  Similarly, supervisory liability is alleged without any identification of the supervisor or the individual failures on that supervisor's part that are alleged to have caused a constitutional wrong.  *See Iqbal*, 129 S. Ct. at 1948 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

That said, this is not a well-crafted motion to dismiss.  As plaintiff fairly points out, the bulk of the City's supporting memorandum appears to have been copied verbatim from an earlier and apparently successful pleading filed before Magistrate Judge Bowler in a separate case, including the inadvertent incorporation of factual references to that case.  While there is nothing particularly wrong with boilerplate – it gets used because it is reusable – it is more effective when molded to the shape of the boiler it is meant to reinforce.  That does not seem to have been a consideration for the author here.  The City, for example, makes the unexceptionable point that it cannot be

held liable for punitive damages, citing a venerable precedent, *Newport v. Facts Concerts, Inc.*, 453 U.S. 247 (1981). The problem, however, is that the Complaint does not seek punitive damages against the City – it seeks them from only the individual defendants, as an even cursory reading of the Complaint would reveal.

ORDER

For the foregoing reasons, the City of Lowell's Motion to Dismiss itself from the Complaint is <u>DENIED</u> without prejudice. The court <u>ORDERS</u> the bifurcation of the municipal and supervisory liability claims brought against the City (and presumably certain superior officers of the Lowell Police) from the Fourth and Fourteenth Amendment claims brought against the individual officers. The parties are <u>ORDERED</u> to file a joint proposed scheduling order with discovery limited to the issues of individual liability and plaintiff's damages within fourteen (14) days of the date of this Order. Plaintiff will have ninety (90) days from the date on which the court approves the Scheduling Order to amend the Complaint to specify the identities of additional defendants, if any. *See Wilson*, 294 F.3d at 7 n.16.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE